IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND O. LEECH,

 Petitioner

v.

WARDEN RONNIE R. HOLT,

 Respondent

CIVIL NO. 1:11-CV-0037

Hon. John E. Jones III

## **MEMORANDUM**

January 14, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

 Petitioner Raymond O. Leech ("Petitioner" or "Leech"), an inmate presently confined at the Federal Prison Camp Canaan ("FPC Canaan") in Waymart, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He has filed a Motion requesting leave to proceed *in forma pauperis* (Doc. 2) and a Motion for an Order directing Respondent to show cause why a writ should not be issued (Doc. 3.)

 The Petition currently is before the Court for screening. For the reasons set forth herein, Petitioner's request for *in forma pauperis* status will be granted for the sole purpose of filing the Petition, the Petition will be dismissed without prejudice for

lack of jurisdiction, and the Motion for an Order to Show Cause will be denied as moot.

## I. FACTUAL BACKGROUND

In his Petition, filed on January 6, 2011, Leech provides the following factual background:

On November 6, 2006, Leech was indicted in the United States District Court for the District of Maryland on one (1) count of Conspiracy to Distribute and to Possess with Intent to Distribute 100 kilograms or more of Marijuana and 500 grams or more of Cocaine. (*See* Doc. 1 at 11; Doc. 1 at 37, Judgment in a Criminal Case.) He states that, "by coercion and without complete understanding and knowledge", he entered into a plea agreement on June 8, 2007. (*See id.* at 11.) After his Motion to Withdraw his Plea of Guilty was denied by the Court, on March 28, 2008, he was sentenced to a term of imprisonment of 151 months. (*See id.* at 11, 37.) He filed an appeal from his judgment of sentence on April 4, 2008, which currently is pending in the United States Court of Appeals for the Fourth Circuit. (*See id.*; *United States v. Raymond Leech*, Fourth Circuit Court of Appeals Docket # 08-4432.[1])

Leech explains that he is filing the instant Petition because his newest appointed

---

[1] *See* United States Court of Appeals for the Fourth Circuit, General Docket, available at http://www.pacer.gov.

2

attorney in his criminal proceedings has not investigated or raised the "absolute facts" he has brought to his attention, and specifically, that the United States District Court for the District of Maryland lacked subject matter jurisdiction to "entertain" the indictment that was filed against him, and therefore, lacked jurisdiction to accept the guilty plea agreement and to sentence him. (*See* Doc. 1 at 10-13.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its

face." *Id.*

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is first to file a notice of appeal to the appropriate court of appeals. If an individual wishes to further challenge his federal conviction after the court of appeals has disposed of his appeal and his judgment of sentence has become final, the proper method to do so is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Motions filed pursuant to § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 693 (3d Cir. 1954). Habeas relief under 28 U.S.C. § 2241 only is available if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251.

Indeed, in the instant case, Leech has filed his direct appeal from his judgment of sentence, and a review of the docket for his pending appeal in the United States Court of Appeals for the Fourth Circuit reveals that the Court entertained oral

4

argument on October 29, 2010, and the parties are awaiting a decision from the Court. (*See United States v. Raymond Leech*, Court of Appeals Docket # 08-4432.[2])  Consequently, Leech's judgment of sentence is not yet final.

Moreover, he has not presented any reason why a § 2255 motion would be "inadequate or ineffective" to raise the claims he raises in the instant Petition after his judgment of sentence becomes final.  The deadline to file a § 2255 motion would expire one (1) year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States,* 537 U.S. 522, 525 (2003).  A petition for a writ of certiorari must be filed within 90 days following the appellate court's judgment.  *Id.*

For the foregoing reasons, we must dismiss the instant Petition for lack of jurisdiction.  Dismissal will be without prejudice to any right Leech may have to file a § 2255 motion with the sentencing court upon the conclusion of his direct appeal proceedings.  An appropriate Order will enter.

---

[2]*See supra* note 1.